United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. 4:19-CR-00524 |
| § | |
| DAVID WAYNE MEARIS § | |

## MEMORANDUM AND ORDER

This case is before the Court on the motion to vacate, correct, or set aside sentence filed by David Wayne Mearis (Doc. # 74). The government responded to the motion, and Mearis replied. Having carefully considered Mearis's motion, the government's response, Mearis's reply, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Mearis' motion should be denied.

### I. Background

Mearis was convicted by a jury of two counts of sex trafficking a minor and three counts of sex trafficking by force, fraud, or coercion. His victims were 15, 17, and 19 years old. Each lived with Mearis and was forced to engage in prostitution.

In 2007, Mearis met Tresean Gray in California. She was 17 years old and Mearis was 32 at the time. Gray soon accompanied Mearis to Texas. Doc. # 132 at 21-23.

While in a relationship with Gray, Mearis began a relationship with L.C., a 15-year-old girl. *Id.* at 85-86. L.C. did not know about Gray. *Id.* at 87-88. L.C. ran away from home to move in with Mearis, and they eventually moved to Houston. *Id.* at 93-94. This is when Gray and L.C. learned about each other. The three of them lived together, but only Gray had a job. *Id.* at 35-37, 94-95.

Eventually, Mearis told Gray that she was not making enough money and that she and L.C. would have to work as prostitutes. *Id.* at 38, 97. Mearis instructed them, provided them with clothes and condoms, and put them on the street to work as prostitutes. *Id.* at 38-41, 102-05; Doc. # 133 at 146-47. Mearis closely monitored the girls, and solicited "dates" for them by advertising on Backpage.com. Doc. # 132 at 39-41, 102-04, 122, 127; Doc. # 133 at 158. Mearis used violence to ensure the girls' compliance. DE 132 at 37, 42, 57, 98. He also directed them to rob a bank. *Id.* at 43-44, 108-09.

Mearis had L.C. help him find other girls on a social media site called Mocospace. *Id.* at 115-16. There, they met a 19-year-old woman named Debbie Byars. Doc. # 133 at 31-32. Mearis eventually coerced Byars into prostitution, as well. *Id.* at 40-41, 45-47.

On October 9, 2015, Byars was arrested by an undercover police officer posing as a customer. *Id.* at 6, 8-10; Doc. # 133 at 16, 69. Byars told police that Mearis forced her into prostitution, and told them where Mearis and L.C. were waiting for her. *Id.* at 70-72.

In July 2016, L.C., at Mearis' direction, recruited T.V., a 14-year-old girl, on Mocospace. *Id.* at 83-85; DE 132 at 141. When Mearis and L.C. picked T.V. up, she told Mearis that she was 14 years old. Doc. # 133 at 90. Mearis sexually assaulted T.V. three times between July 7 and July 20, 2016. *Id.* at 92-95.

In September 2017, Mearis and L.C. were arrested on state charges pertaining to trafficking a 15-year-old girl not included in the federal charges against Mearis. Mearis was held in state custody on this charge when a federal investigation led to Mearis's indictment on federal charges of sex trafficking. Doc. # 1 at 2-5; Doc. # 12.

On October 3, 2019, Mearis was charged by superseding indictment with two counts of sex trafficking a minor and three counts of sex trafficking by force, fraud, or coercion. Doc. # 43. The

jury found Mearis guilty on all counts. Doc. # 134 at 62-63. The Court accepted the PSR recommendation of a total offense level of 43 and criminal history category of IV, and sentenced Mearis to life imprisonment. Doc. # 129 at 21; Doc. # 90 at para. 108.

On direct appeal, Mearis argued that his right to a speedy trial was violated, that the evidence was insufficient to sustain his conviction on one of the counts, and that the prosecutor made improper remarks during closing argument. The Fifth Circuit rejected all three arguments. *Mearis v. United States*, 36 F.4th 649, 652 (5th Cir. 2022). Mearis did not petition for *certiorari*.

## II. Applicable Legal Standards

Mearis brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The motion contends that Mearis received ineffective assistance of counsel, that Mearis was the victim of vindictive or malicious prosecution, and that the prosecutor engaged in misconduct.

## III. Analysis

Mearis raises multiple claims of ineffective assistance of counsel. He also argues that his prosecution was vindictive or malicious, and that the prosecutor engaged in misconduct.

### A. Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance of counsel, Mearis

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [movant] must show that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Alfonso must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing

professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689. In assessing prejudice, "*Strickland* asks whether it is reasonably likely the result would have been different," if not for counsel's deficient performance. *Harrington v. Richter*, 562 U.S. 86, 111 (2011)(internal quotation marks omitted).

### 1. Failure to Introduce Evidence

Mearis first contends that his counsel was ineffective for failing to present evidence that one had to be at least 18 years old to create a Mocospace profile. Mearis contends that his conviction on Count 3 of the superseding indictment was predicated on his recruiting T.V. when she was a minor, but that this evidence would have shown that he did not know that she was a minor. Mearis identifies no admissible evidence in support of his contention.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). "The . . . presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . .." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Moreover, the relevant statute, 18 U.S.C. § 1591(c), only requires that Mearis had a reasonable opportunity to observe the fact that T.V. was a minor. Assuming for purposes of this motion that Mearis believed T.V. was 18 or older before meeting her, the evidence shows that he had ample opportunity to observe her after picking her up. Evidence also showed that T.V. told Mearis that she was only 14 when he picked her up. Doc. # 133 at 85. In addition, the statute covers not only recruiting a minor, but also enticing, harboring, or transporting a minor, which the evidence clearly established Mearis did. Mearis therefore cannot satisfy *Strickland*'s prejudice prong, and this claim is without merit.

### 2.     Failure to Provide Discovery

Mearis next contends that his counsel rendered deficient performance by failing to provide him with copies of discovery materials which would have made him better able to assist in his own defense or weigh a guilty plea. He does not identify any specific discovery material or identify any specific harm caused by counsel's failure to share the material. He therefore fails to demonstrate *Strickland* prejudice.

### 3.     Sentencing Guideline Calculation

Mearis contends that counsel incorrectly calculated "sentencing guideline points," and that he would have been more likely to accept a plea offer had the calculation been correct.  He also contends that appellate counsel was ineffective for failing to raise this issue.  Mearis does not explain how the calculation was incorrect.  In the absence of any evidence that the calculation was incorrect, Mearis fails to demonstrate deficient performance by either trial or appellate counsel.

### 4.     Failure to Object to Bank Robbery Testimony

Mearis argues that the prosecutor did not use the bank robbery testimony for the reasons he stated before trial.  This claim is factually incorrect.

During the pretrial hearing, the prosecutor stated that Mearis threated to turn Gray in to law enforcement for the bank robbery if she did not return to him from California after her grandfather's funeral, and would be used to show Mearis' control over his victims Doc. # 136 at 40-42.  Gray testified to Mearis's threat at trial.  Doc. # 132 at 61.  Moreover, defense counsel argued in closing argument exactly what Mearis argues here:  that there was no evidence that Mearis used the threat of turning Gray over for bank robbery to keep her prostituting.  Doc. # 134 at 50.  Mearis therefore fails to identify any objectionable conduct by the prosecution, or any deficient performance by defense counsel.

### 5. Failure to File a Second Speedy Trial Motion

Mearis argues that counsel was deficient for failing to file a second speedy trial motion following the superseding indictment, which added charges related to Mearis' victim Debbie Byars. Mearis' argument appears to be that, because he was also arrested on state charges involving Byars, his speedy trial clock began to run upon his arrest on the state charges and a second motion should have been filed. He also appears to contend that this Court erred in denying his first speedy trial motion.

Both of these arguments are foreclosed by the Fifth Circuit's opinion on Mearis' direct appeal. The Fifth Circuit held that Mearis's state custody was not a ruse or collusion between state and federal authorities, and that this Court correctly denied Mearis' speedy trial objections. *See Mearis*, 36 F.4ᵗʰ at 653-55. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

### 6. Failure to Move for a Mistrial

During her testimony, L.C. was squeezing a stress ball. The ball popped at some point during her testimony, the bailiff informed the Court, and a recess was called. Mearis argues that his counsel should have moved for a mistrial. He does not identify any basis on which counsel could or should have moved for a mistrial, or demonstrate that a motion for a mistrial would likely have been granted. He therefore fails to demonstrate either deficient performance or prejudice, and this claim is without merit.

### 7.     Failure to Raise Speedy Trial Claim on Appeal

Mearis contends that his appellate counsel should have argued that his speedy trial clock should have begun to run upon his arrest on state charges in January 2018 rather than upon the filing of federal charges in November 2018.  He contends that his state detention was the result of collusion between state and federal authorities for the purpose of delaying the start of the speedy trial clock.

Both this Court and the Fifth Circuit previously found that there was no communication between state and federal prosecutors before November 2018.  It follows that Mearis' detention before that date cannot have been the result of collusion.  This claim is without merit.

Mearis also argues that trial counsel was ineffective for failing to present evidence that Mearis wrote letters asserting his speedy trial rights in state court.  The record shows, however, that counsel presented Mearis' letters to this Court.  *See* Doc. # 24-1 at 5; Doc. # 24-2 at 1-10.

### 8.     Double Jeopardy

Mearis argues that counsel was deficient for failing to argue a double jeopardy violation based on charges in both state and federal court flowing from the same conduct.  This fails to state a claim for relief.  "It is well-established that a double jeopardy claim cannot be raised when an individual is prosecuted for the same act that violates the laws of dual sovereigns."  *United States v. Moore*, 958 F.2d 646, 650 (5th Cir. 1992).  Because Mearis was charged for violations of both Texas and federal law, the charges did not violate his constitutional protection against double jeopardy.

### 9. Credibility Evidence

Mearis next argues that his trial counsel was ineffective by failing to introduce evidence to attack the credibility of prosecution witnesses.

#### a. L.C.

Mearis contends that counsel should have introduced a statement by L.C. that Mearis never forced her to prostitute, a phone call from jail where Mearis told L.C. that he would not let her prostitute anymore, and a Facebook video where L.C. was mean to him but he was nice to her. The record shows, however, that counsel got L.C. to admit that she never claimed that Mearis forced her to prostitute until she was arrested, implying that she made the claim only to get out of jail, Doc. # 132 at 184, that she was in love with Mearis and had a relationship with him, that she had numerous convictions for prostitution, and that she risked having her child taken away if she did not claim to be Mearis's victim, *id.* at 158-84. Counsel also introduced a recorded phone conversation from jail where Mearis and L.C. state that they loved each other, and videos and photos of the two of them together acting loving toward each other. *Id.* at 165-68, 171-74. The evidence that Mearis argues counsel should have presented is therefore cumulative, and Mearis cannot show either that counsel was deficient for not presenting this evidence, *see Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988), or that there is any reasonable likelihood that such cumulative evidence would have led to a different result.

#### b. Byars

Mearis claims that his state court attorney had unspecified evidence that would have damaged Byars' credibility, but his federal attorney never obtained or presented the evidence. Nonetheless, defense counsel attacked Byars' credibility through inconsistent prior statements, an admission that she dated Mearis, and evidence that Mearis paid her bills and otherwise took care

of her. Doc. # 133 at 73-80. Counsel also elicited testimony from Byars that she told police she did not want to get Mearis in trouble and that she was desperate not to go to jail, suggesting that she had a motive to lie. *Id.* at 80. Mearis's claim that unidentified evidence existed that would have further undermined Byars' credibility is speculative and any such evidence would have been cumulative. Mearis therefore fails to show either deficient performance or prejudice.

### c.    T.V.

Mearis claims that counsel possessed a statement by T.V.'s mother that T.V. had trouble being truthful. To the extent that Mearis contends that counsel was deficient for failing to introduce this statement, the claim is unavailing because the statement is inadmissible hearsay. Moreover, counsel effectively attacked T.V.'s credibility through prior inconsistent statements, eliciting admissions of T.V.'s own prior illegal behavior, and of acts of kindness by Mearis toward T.V. *See* Doc. # 133 at 114-34. Thus, even if counsel had called T.V.'s mother to testify, and even if her testimony was found admissible under Rule 608 of the Federal Rules of Evidence, there is no reasonable likelihood that such evidence would have added anything to the jury's assessment of T.V.'s credibility, and therefore no *Strickland* prejudice.

### 10.    Failure to Address Harmful Testimony

Mearis contends that his counsel failed to address several bits of harmful testimony. First, he claims that counsel failed to address the prosecutor referring to T.V. as "Teona." "Teona" is not T.V.'s name, and Mearis contends that this gave the jury the impression that there was another victim. The record shows, however, that defense counsel clarified during cross-examination of L.C. that "Teona" was T.V. Doc. # 132 at 182.

Mearis next argues that counsel failed to address contradictory testimony. He fails to identify any such testimony. This claim is conclusory and fails to state a basis for relief.

Mearis next complains that L.C.'s testimony was so "chaotic and unreliable" that the jury could not have convicted him unless they were influenced by T.V.'s sexual assault testimony. He argues that that testimony was improper, but does not identify how it was improper, or any valid objection that counsel could have made. This fails to identify any basis for relief.

### 11. Failure to Appeal All Counts

Mearis argues "[b]ecause of everything listed in this motion my attorney should have appealed my conviction on all counts." Doc. # 152 at 10. As discussed throughout this Memorandum and Order, Mearis fails to identify any basis for relief on any of his claims. It follows that citing these claims for relief as the basis for an ineffective assistance of appellate counsel claim fails. Because Mearis fails to identify a meritorious underlying claim, appellate counsel's failure to raise these non-meritorious claims does not constitute deficient performance, nor can Mearis show prejudice.

### 12. Failure to Allow Mearis to Testify

Mearis contends that he was prevented from testifying on his own behalf because his attorney never prepared him to testify. He does not provide any further details or identify any topic about which he would have testified. This claim is wholly conclusory and fails to demonstrate either deficient performance or prejudice.

### 13. Closing Argument

Mearis claims that counsel's reference to criminal acts for which Mearis was not on trial constituted deficient performance. The record shows, however, that counsel was addressing acts raised by witnesses and arguing that Mearis was not on trial for them and that the jury should not consider them. Doc. # 134 at 40, 53. This argument was sound trial strategy and did not constitute deficient performance.

### 14.     Failure to Argue About T.V.

Mearis next argues that counsel was deficient for failing to argue that the fact that T.V. left before prostituting herself shows that Mearis abandoned the crime and/or lacked opportunity to observe her and determine that she was a minor. As noted above, Mearis was convicted of recruiting, harboring, or maintaining T.V. All of these acts were completed before she left. Moreover, the record shows that T.V. lived with Mearis for approximately two weeks, and that T.V. told Mearis that she was 14 years old. Doc. # 133 at 90, 94. There was therefore no factual basis to argue that he was unaware of her age.

### 15.     Failure to Object to Mearis Wearing Prison Shoes

Mearis claims that he was compelled to wear prison-issue shoes at trial. "A government entity violates th[e] presumption of innocence when it compels an accused to stand trial before a jury while dressed in identifiable prison garb." *United States v. Pryor*, 483 F.3d 309, 311 (5th Cir. 2007)(internal quotation marks and citation omitted). However, "[i]f, for whatever reason, the defendant fails to object to his attire, the presence of compulsion necessary to establish a constitutional violation is negated." *Id.*

Mearis points to nothing in the record supporting his claim that he was wearing prison-issue shoes or that his shoes were seen by the jury or identifiable as prison-issue. Unless Mearis stood up in front of the jury, his feet would have been hidden by the counsel table. Moreover, as the government points out, Mearis does not claim that any of his other clothing was prison-issue. It seems unlikely that he would be issued appropriate clothing for court except for his shoes unless he chose to wear those shoes.

Mearis fails to show that there was any valid basis for counsel to object to Mearis' footwear, or that he suffered any prejudice from counsel's failure to object. This claim is without merit.

### 16.   Failure to Appeal Enhancement for Use of Computer

Mearis received a two-level sentence enhancement for using a computer or interactive service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor. *See* Doc. # 90 at 11. This Court overruled Mearis's objection to the enhancement at trial. Doc. # 129 at 17. Mearis argues that his appellate counsel was ineffective for failing to raise this issue on appeal.

Appellate counsel is not required to raise every possible non-frivolous claim on appeal. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

> When, as here, counsel files a merits brief, a defendant generally must show that a particular nonfrivolous issue was clearly stronger than issues counsel did present. There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect."

*Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013)(internal quotation marks and citations omitted).

Trial testimony and pre-sentencing materials showed that Mearis advertised L.C. for commercial sex on Backpage.com and Mocospace.com when she was between 15 and 17 years old. Doc. # 111-4 at 7; Doc. # 111 at 11-12; Doc. # 111-7 at 3. Because the record supports the finding that Mearis used the internet to promote L.C. for commercial sex, there was no basis for

appealing this issue, and there is no reasonable likelihood that such this issue would have been successful on appeal.  Mearis therefore fails to show either deficient performance or prejudice.

### 17. Failure to Appeal List of Past Criminal Conduct in PSR

Mearis next complaint that the list of his prior criminal conduct in the presentence report included duplicates.  He identifies nothing that affected his criminal history score.  As the government notes, the list is merely a chronological listing of Mearis' prior criminal history.  This claim is conclusory and without merit.

### 18. Failure to Appeal the Court's Explanation of the Sentence

Mearis complains that counsel should have appealed the Court's explanation of its reasons for imposing the life sentence.  Mearis' sentence is within the sentencing guidelines.  This Court conducted an extensive colloquy with Mearis before imposing sentence, *see* Doc. # 129 at 34-48, and asked Mearis if he had any questions about the sentence, *id.* at 53.  Mearis stated that he did not.  *Id.*

While a district court is required to explain its reasons for imposing a particular sentence, *see Gall v. United States*, 552 U.S. 38, 46, 51 (2007), "little explanation is required" if the sentence is within the guidelines range, *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  Because Mearis' sentence is within the guidelines range, the Court's explanation was adequate and appealing this issue would have been fruitless.  Mearis therefore fails to demonstrate wither deficient performance or prejudice.

### 19. Failure to Appeal Restitution Order

Finally, Mearis contends that counsel should have appealed the restitution order, which Mearis contends was improperly calculated.  Restitution orders are "outside the scope of 28 U.S.C. § 2255, which provides for release from custody, not for correction of an allegedly improper

restitution order." *United States v. Massey*, No. 3-00-CR-355-R, 2002 WL 1896921 at *2 (N.D. Tex. Aug. 14, 2002)(citing *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994). This is also true of ineffective assistance of counsel claims arising from an allegedly improper restitution order. *United States v. Walker*, 78 F.3d 582 (5th Cir. 1996). This claim therefore fails to articulate any basis for relief under 28 U.S.C. § 2255.

### B.  Malicious or Vindictive Prosecution and Prosecutorial Misconduct

Mearis contends that he was vindictively prosecuted, and that the prosecutor made a misleading argument during closing rebuttal and withheld exculpatory evidence. Mearis did not raise any of these claims on direct appeal. They are therefore procedurally defaulted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998)(holding that constitutional claims "may not be raised for the first time on collateral review without a showing of cause and prejudice"). Mearis does not make any showing of cause or prejudice to excuse his default. This Court therefore cannot grant relief on these claims. Procedural default notwithstanding, these claims are without merit.

### 1.  Malicious or Vindictive Prosecution

Punishing a person for asserting his legal rights violates due process. *United States v. Goodwin*, 457 U.S. 368, 372 (1982). However,

> [t]he defendant has the burden of proving, by a preponderance of the evidence, prosecutorial vindictiveness. In general, there are two ways in which a defendant can prove a claim of vindictiveness. First, a defendant may prove actual vindictiveness by presenting objective evidence that the prosecutor's actions were designed to punish a defendant for asserting his legal rights. Second, in certain circumstances, a defendant may show sufficient facts to give rise to a presumption of vindictiveness.

*United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008)(citations omitted). Mearis does neither.

Mearis merely references his third, fourth, and fifth ineffective assistance of counsel claims in support of his vindictive prosecution claim. As discussed above, however, there was no underlying merit to those claims, and they thus do not support Mearis' claim of vindictive prosecution.

### 2. Prosecutorial Misconduct

Mearis argues that the prosecutor mislead the jury as to L.C.'s testimony and withheld exculpatory evidence. Both claims are contradicted by the record.

On cross-examination, L.C. testified that she did not prostitute before she turned 18 years old. Doc. # 132 at 168-69. On re-direct, she acknowledged that she was working for Mearis before turning 18 years old. *Id.* at 190. Mearis' counsel argued in closing that L.C. did not prostitute as a minor. Doc. # 134 at 41-42. In response, the prosecutor directed the jury to the date that L.C. was arrested with Gray and L.C.'s birth certificate, showing that L.C. was not yet 18 when she was arrested. From this, the prosecutor argued that L.C. was mistaken when she testified that she did not prostitute before turning 18. *Id.* at 56-57.

"A prosecutor is confined in closing argument to discussing properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence." *United States v. Vargas,* 580 F.3d 274, 278 (5th Cir.2009). That is what the prosecutor did in this case. The prosecutor asked the jury to consider properly admitted evidence to infer that L.C. was mistaken about her age on cross-examination. There was nothing improper about this argument.

Finally, Mearis contends that the prosecution withheld evidence showing that T.V.'s Mocospace profile claimed that she was at least 18 years old. This evidence was admitted at trial

and there is no evidence that it was withheld. *See* Doc. # 97-3. Mearis fails to show that the prosecution withheld this evidence.

### C. Motion for Appointment of Counsel

Mearis has also filed a motion for appointment of counsel. There is no constitutional right to appointment of counsel in a habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *see also Fairman v. Anderson*, 188 F.3d 635, 642 (5th Cir. 1999) (explaining that "there is no constitutional right to counsel on habeas review"). The issues presented in Mearis' petition do not present any extraordinary circumstances, and there is no basis for appointment of counsel in this case. The motion for appointment of counsel (Doc. # 158) is DENIED.

### D. Motion for Hearing

Mearis has also filed a motion for an evidentiary hearing. An evidentiary hearing is not required if there are "no relevant factual disputes that would require development in order to assess the claims." *Michael Williams v. Taylor*, 529 U.S. 420, 436 (2000) (stating that it was "Congress' intent to avoid unneeded hearings in federal habeas corpus"); *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998). *See also* Rules Governing Section 2255 Cases R. 8(a) (requiring the judge "to determine *whether* an evidentiary hearing is warranted")(emphasis added). Mearis has not demonstrated any factual dispute that would entitle him to relief. Each of Mearis' claims can be resolved by reference to the trial record, the submissions of the parties, and relevant legal authority. There is no basis upon which to hold an evidentiary hearing on these claims.

**IV.** **Conclusion**

For the foregoing reasons, Mearis's motions are denied.

**V.** **Certificate Of Appealability**

Mearis has not requested a certificate of appealability ("COA"), but this Court may determine whether she is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

This Court has carefully reviewed the record in this case. The Court finds that jurists of reason would not find it debatable that Mearis fails to establish that he received ineffective assistance of counsel, that he was the victim of vindictive or malicious prosecution, or that the prosecutor engaged in misconduct. Mearis has therefore failed to make a "substantial showing of

the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and is not entitled to a certificate of appealability.

## VI. Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

1. David Wayne Mearis' motions to vacate, set aside, or correct sentence (Doc. # 153), for appointment of counsel (Doc. # 158), and for an evidentiary hearing (Doc. # 161) are all DENIED; and

2. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on May 31, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge